## Klapper, etc., v. Lackawanna Pants Manufacturing Co.

*Irving L. Epstein,* for plaintiff.

*J. Julius Levy* and *Ernest D. Preate,* for defendant.

HOBAN, P. J., May 4, 1949.—This is an action of replevin without bond. The case was submitted to the jury on the issues of the value of the property at the time of the alleged unlawful detention and damages for detention. The jury found for plaintiff, valued the property at $1,500, and awarded damages for detention of $1,365. Defendant now moves for a new trial.

From the evidence the following facts were clear:

Plaintiff, in the business of buying, selling and renting certain machinery used in the dress manufacturing

business, was approached by one Samuel Abitbol and Richard Rapp to supply certain items of equipment to be used in a dress manufacturing business in Scranton. Abitbol was a stockholder and apparently the principal financial backer of Carelle Togs Mfg. Co., Inc., of which Rapp was the active manager. Negotiations resulted in two transactions: One, a conditional sale by Klapper to Abitbol of certain goods and machines at the price of $3,492, and another of a lease to Abitbol of the four machines which are the subject of this lawsuit. This lease was a bailment lease for the period of one year with a rental of $1,094 payable in advance, which was fully paid by Abitbol. The lease was executed on March 5, 1946, and the machines, together with the other property sold on conditional sale, were duly shipped to Scranton, where they were installed in the premises of Carelle Togs Mfg. Co., Inc., and used by them in the course of their business. Subsequently, Carelle Togs became involved in difficulties with the Internal Revenue Department of the United States Government and as a result the Federal Government distrained on Carelle Togs for taxes and the Collector of Internal Revenue at Scranton sold property found on the premises of Carelle Togs at public auction under distraint proceedings on May 12, 1947. Klapper, having become aware of the distraint, notified the collector of his claim to ownership of the four machines in question and prior to the actual sale caused to be read to prospective bidders a notice that these four machines were not the property of Carelle Togs, but claimed title in himself. Defendant, Lackawanna Pants Mfg. Co., purchased all the goods offered for sale and took possession thereof. On August 5, 1947, this action was commenced for the recovery of the machines.

At the trial issues were raised and submitted to the jury as to whether the transaction between Klapper

and Abitbol as to the leasing of these machines was in fact a lease or a sale. The theory of defendant was that since the rental demanded in the lease was admittedly the then Office of Price Administration price of the machines, the transaction was on the face of things a fraud on the Government intended to evade the OPA provisions. Certain evidence was offered of negotiations with one of Klapper's employes at a time when Klapper was absent to give color to this assertion but it is evident that at the time the transaction was consummated the form of it was clearly a lease and there is no evidence from which it could be inferred that any money over and above the prescribed rental was then or at any time paid to Klapper. In our opinion, the mere fact that the rental value for a year, considering the conditions of the business and the scarcity of the machinery in the trade, equaled the then OPA price, is not of itself sufficient to characterize the transaction as a sale. The subsequent history of the business in which the machines were used indicated that Klapper was not over-cautious in demanding his rent in advance. The issue of fraud was submitted to the jury, which was properly cautioned to scrutinize the evidence as to fraud with some care. We think that no error was committed by the trial judge in these instructions for the evidence of fraud, in our opinion, was thoroughly insubstantial.

There was conflicting evidence as to the value of the goods at the time of the sale and the commencement of the replevin proceedings, and the jury by its verdict indicated that it accepted neither the testimony of plaintiff himself nor of defendant's witnesses as to the value, arrived at the figure which represented a reasonable adjudication between the conflicting claims, and we cannot say that they were in error on this score or that their conclusion was contrary to the weight of the evidence.

We are, however, of the opinion that the trial judge erred in submitting the question of damages for detention, in addition to the value at the time of the unlawful taking, to the jury.

It is to be noted that the action of replevin without bond is strictly a personal action and does not partake of the characteristics of an action in rem. See Goodrich-Amram, Actions at Law, Prelim. Survey p. 204. Plaintiff by the action has disclaimed any interest in the return of the goods. If the value of the goods is assessed at the time of the taking, they are regarded as then having been sold to defendant and only interest on their value can be recovered: 46 Am. Jur. 79 §145. This seems to be the majority opinion, although, as the section above quoted points out, there is some difference upon the matter. Nevertheless, it seems to be reasonable, for if the value is assessed at the time, the matter of depreciation as measured by rental value up to the time of the taking by defendant ought to be included in the calculation of value. And since plaintiff is not interested in the return of the goods, but simply in recapturing their value, whatever might have been the peculiar individual rental value for the use of the goods, for which he would be deprived during the period of their unlawful detention, he has waived. The most he would be entitled to would be the value of the detention of the money substitute, which would be measured at current legal interest rate. As pointed out in Armstrong & Latta v. Philadelphia, 249 Pa. 39, there would be something radically wrong in a method of calculation which would allow to plaintiff in replevin both the value of the goods and a rental value for detention, which might enable plaintiff to recover the basic value several times over.

We are of the opinion, therefore, granting that the question of title and valuation at the time of taking was adequately determined by the jury, that the dam-

ages for detention should be limited to interest on the value of the goods as of August 7, 1947, which was the date submitted to the jury for their base of valuation. Interest on $1,500, the value found by the jury, from August 7, 1947, to November 16, 1948, the date of the verdict, at the rate of six percent, is $114.75. Recovery, therefore, should have been limited to the total sum of $1,614.75. The verdict, therefore, is excessive by $1,251.25, and a remittitur for such amount should be filed or a new trial awarded.

Now, May 4, 1949, the rule to show cause why a new trial should not be had in the above-captioned case is made absolute, unless plaintiff, Sam Klapper, trading as Klapper Sewing Machine Company, files a remittitur of the sum of $1,251.25 of the verdict awarded to him within 15 days from the date hereof. If such remittitur is filed, the verdict shall stand as rendered in the sum of $1,614.75, in favor of plaintiff and against defendant, judgment to be entered thereon sec. leg.